**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**TISLAM MOORE,**

                     **Plaintiff,**

                  **Civil No. 9:01-CV-1607**

    v.                       **(GLS/GJD)**

**GLENN S. GOORD, Commissioner of DOCS; THOMAS RICKS, Superintendent, Upstate Correctional Facility; D. HAUG, Food Service Administrator; THOMAS EAGAN, Director, Inmate Grievance Program; ARLENE BRANCH, Dietition, DOCS,**

                     **Defendants.**

---

**APPEARANCES:**                     **OF COUNSEL:**

**FOR THE PLAINTIFF:**

ISLAM MOORE
Plaintiff Pro Se, 97-A-6282
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

**FOR THE DEFENDANTS:**

HON. ELIOT SPITZER            MARIA MORAN
Attorney General, State of New York     Assistant Attorney General
615 Erie Blvd. West, Suite 102
Syracuse, NY 13204-2455

**Gary L. Sharpe**
**U.S. District Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Plaintiff *pro se* Tislam Moore brings this action pursuant to 42 U.S.C. § 1983.  Moore alleges that the defendants violated his Eighth and Fourteenth Amendment rights when they failed to provide him with nutritionally adequate food substitutions for his known allergies.  Moore also claims that his First and Fourteenth Amendment rights were violated when defendants denied him a Religious Alternative Menu (RAM) in combination with his therapeutic diet.  Pending are objections to Magistrate Judge Randolph F. Treece's Report-Recommendation by both parties.  Upon careful consideration of the parties' arguments, the relevant parts of the record, and the applicable law, the court adopts in part and rejects in part the Report-Recommendation.

### **II. Procedural History**

Moore commenced this action on October 22, 2001.  Dkt. No. 1.  On February 6, 2004, the defendants moved for summary judgment.  Dkt. No. 40.  On September 14, Judge Treece issued a Report-Recommendation which recommended granting the defendants' motion in part and dismissing all of Moore's claims except his Equal Protection and First

2

Amendment claims against Defendant Goord.  Dkt No. 55.  On November 9, Moore requested a ninety day extension of time to file his objections to the Report-Recommendation.  The court denied his request, and Moore had until November 30 to file his objections.  Moore did not file his objections until December 8.  Dkt. No. 58.  Nonetheless, despite their untimeliness, the court reviewed the objections and found they added nothing new for the court to consider.  In addition, Defendants filed objections with regard to Defendant Goord.  Dkt. No. 56.

### III. Discussion[1]

### A. Standard of Review

The Court reviews the objected-to findings and recommendations in a magistrate judge's report-recommendation de novo, and will accept the report's uncontested parts unless they are "clearly erroneous."  See 28 U.S.C. § 636(b)(1)(A), (C); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).  The court adopts the summary judgment standard articulated in Judge Treece's Report-Recommendation.  Dkt. No. 40.

---

[1] The court adopts the factual summary in Judge Treece's Report-Recommendation, and assumes familiarity with the facts alleged in Moore's Complaint.  *Dkt. No. 1*; *Dkt. No. 40.*

3

**B. Objections to the Report-Recommendation**

Moore's objections are nothing more than a reiteration of the allegations in his complaint and add nothing new for this court to consider. Defendant Goord maintains that Judge Treece's Report-Recommendation is internally inconsistent in its treatment of Moore's Equal Protection claim against Goord versus the other defendants. He also objects to Judge Treece's conclusion that Moore made out a First Amendment claim against him.

**1.    Defendant Goord**

    **a.    Fourteenth Amendment Equal Protection Claim**

Moore argues that his equal protection rights are violated by DOCS directive 4311, which precludes inmates from receiving a therapeutic diet contemporaneously with the RAM diet.[2]  Goord maintains that Judge Treece's Report-Recommendation is internally inconsistent in its treatment of Moore's Equal Protection claim against Goord versus the other defendants.  For this reason, the court will conduct a de novo review of the record with regard to Moore's Fourteenth Amendment Equal Protection

---

[2]Moore does not allege that he was denied the RAM diet altogether.  Instead, he asserts that he was denied the RAM diet in conjunction with the therapeutic diet.

4

Claim against Goord.

The Equal Protection Clause directs state actors to treat similarly situated people alike. *See Cleburn v. Cleburn Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249 (1985). To prove an Equal Protection violation, claimants must prove "purposeful discrimination directed at an identifiable or suspect class." *Giano v. Senkowski,* 54 F.3d 1050, 1057 (2d Cir. 1995) (internal citations omitted). *See also McCleskey v. Kemp*, 481 U.S. 279, 292 (1987). "If such discrimination is found, the Supreme Court has held that a lower level of scrutiny applies in cases involving the constitutionality of prison rules." *See Turner v. Safly*, 482 U.S. 78, 81 (1987). For prisoners' equal protection claims, the court must look at the reasonableness of the prison regulation and its furtherance of a legitimate government interest. *Id.*

In this case, Moore has not alleged that he is a member of an identifiable or suspect class. More specifically, Moore has failed to assert that defendant Goord purposefully discriminated against him because he belonged to an identifiable class. He also has not alleged that he was treated differently than similarly situated prisoners.

Essentially, Moore's amended complaint fails to set forth any facts to

support a viable Equal Protection claim against defendant Goord.  Moore's complaint, even when construed liberally, does not allege that he was treated differently than similarly situated prisoners.  For the reasons articulated in defendants' objections, the court declines to adopt the Report-Recommendation with regard to its treatment of Moore's Equal Protection claim against defendant Goord.  Accordingly, Moore's Fourteenth Amendment claim against Goord is dismissed.

        b.     First Amendment Claims against Goord

Goord maintains that Moore did not allege all of the essential elements of a First Amendment claim.  For the reasons stated in Judge Treece's Report-Recommendation, the court adopts the recommendation with respect to its treatment of Moore's First Amendment claims against defendant Goord.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Defendants' Motion for Summary Judgment is **GRANTED** and the complaint is dismissed as to all claims pursuant to the Eighth and Fourteenth Amendments against Defendants Eagen, Ricks, Haug, Branch and Goord; and it is further

**ORDERED** that the Defendants' Motion for Summary Judgment **is**

6

**GRANTED** and the complaint is dismissed against Defendant Goord in his official capacity; and it is further

**ORDERED** that the Defendants' Motion for Summary Judgment is **DENIED** as to Moore's First Amendment claim against Goord in his personal capacity.

**IT IS SO ORDERED.**

**September 27, 2005
Albany, New York**

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge